F.#2005R02177

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA           PLEA AGREEMENT

   - against -                   08 CR 466 (ILG)

EDWARD VAYSMAN,

                 Defendant.

- - - - - - - - - - - - - - - - -X

       Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and EDWARD VAYSMAN (the "defendant") agree to the following:

       1.   The defendant will plead guilty to Count Six of the above-captioned indictment charging violations of 18 U.S.C. § 1341. This count carries the following statutory penalties:

        a.   Maximum term of imprisonment: 20 years
           (18 U.S.C. § 1341).

        b.   Minimum term of imprisonment: 0 years
           (18 U.S.C. § 1341).

        c.   Maximum supervised release term: three years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to two years without credit for pre-release imprisonment or time previously served on post-release supervision
           (18 U.S.C. §§ 3583 (b), (e)).



  d. Maximum fine: $250,000 or twice the gross gain or gross loss from the offense, whichever is greater (18 U.S.C. § 3571).

  e. Restitution: To be determined (18 U.S.C. §§ 3663 and 3663A).

  f. $100 special assessment (18 U.S.C. § 3013).

2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. The Office estimates the likely adjusted offense level under the Guidelines to be level 27, which is predicated on the following Guidelines calculation:

<u>Count Six (18 U.S.C. § 1341)</u>

| | | |
|---|---|---:|
| | Base Offense Level (§ 2B1.1(a)(2)) | 7 |
| Plus: | Loss of over $20 million (§ 2B1.1(b)(1)(L)) | +22 |
| Less: | Acceptance of Responsibility | |

                                                              3

      (§ 3E1.1(a))                                          -2

   Total:                                                    27

This level carries a range of imprisonment of 70 to 87 months, assuming that the defendant has no prior convictions. If the defendant pleads guilty on or before July 15, 2009, the government will move the Court, pursuant to U.S.S.G. § 3E1.1(b), for an additional one-level reduction, resulting in an adjusted offense level of 26. This level carries a range of imprisonment of 63 to 78 months. The defendant stipulates that his alleged conduct charged in Counts One through Five and Counts Seven through Twenty of the indictment constitute relevant conduct for the purpose of his guideline sentence under U.S.S.G. § 1B1.3 and he agrees to admit to that conduct at his plea allocution.

   3. The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

   4. The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that

4

the Court imposes a term of imprisonment of 78 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraph 1 he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

     5.  The defendant acknowledges that he received money that is subject to forfeiture as a result of his violation of 18 U.S.C. § 1341, as alleged in Count Six of the indictment. The defendant consents to the entry of a forfeiture money judgment in the amount of $ 6,000,000 in United States currency (the "Forfeiture Money Judgment"), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, as property which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1341 or § 1343, and/or pursuant to 21 U.S.C. § 853(p), as substitute assets. Payment of the Forfeiture Money Judgment

5

shall be made by certified or bank check, payable to the United States Department of the Treasury. On or before the date he enters his plea of guilty pursuant to this agreement, the defendant shall cause said check to be hand-delivered to Assistant United States Attorney Kathleen Nandan, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the check.

      6. If the Forfeiture Money Judgment is not paid on or before the date the defendant enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, the defendant consents to the forfeiture of any other property alleged to be subject to forfeiture in the indictment.

      7. The defendant agrees that the above-referenced sum of money constitutes or is derived from proceeds that the defendant obtained, directly or indirectly, as a result of the defendant's violation of 18 U.S.C. § 1341, and/or constitutes substitute assets, and thus is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461. The defendant consents to the entry of a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, after acceptance of

6

his guilty plea by a United States Magistrate or District Court Judge, forfeiting the above-referenced sum of money to the United States.

8. The defendant agrees to fully assist the Government in effectuating the payment of the Forfeiture Money Judgment. The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to any property against which the Government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

9. The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant. The Office may also execute the Forfeiture Money Judgment upon any other assets of the defendant, up to the outstanding balance, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act, or any other applicable law.

10. The Office agrees that:

    a. no further criminal charges will be brought against the defendant for his conduct in committing Surplus Recovery fraud, as alleged in the indictment between January 1, 2004 and August 1, 2005, and defrauding insurance

7

                companies in connection with life insurance policies taken out on the life of Helena Eckstein between January 1, 2005 and April 1, 2008, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 <u>et seq</u>.;

and, based upon information now known to the Office, it will

      b.    take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

      c.    make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 12(b) and 12(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above, and (b) the provisions of paragraph 12(a)-(c).

        13. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

8

14. No promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from the written proffer agreement, this agreement supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated:   Brooklyn, New York
         June     , 2009

9

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York


By: _____
    Charles S. Kleinberg
    Assistant United States Attorney

Approved by:


_____
Morris Fodeman
Supervising Assistant U.S. Attorney


I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.


_____
Defendant Edward Vaysman

Approved by:


_____
John Mitchell
Counsel to Defendant