

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

RAB:DDB  *271 Cadman Plaza East*
F.#2009R00082                *Brooklyn, New York 11201*

October 13, 2010

By ECF

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Edward Vaysman
           Criminal Docket No. 08 CR 466 (ILG)

Dear Judge Glasser:

    At the conclusion of the sentencing today in the above case, the Court ordered the defendant to pay a forfeiture money judgment in the amount of $6 million, as per the plea agreement into which the defendant voluntarily entered and pursuant to which the defendant pleaded guilty. The government writes in opposition to the letter filed today by the defendant's counsel. In the letter by the defendant's counsel dated today, the defendant requests that the forfeiture order should be reduced to $4,072,000 from $6,000,000 because the former figure is the defendant's "gain" from his fraud. The defendant's request is wrong as a matter of law and is in any event contrary to the plea agreement into which he entered.

    While the defendant's "gain," namely his profits from the fraud were approximately $4,000,000, his gross receipts were approximately $6,000,000 because he paid over $2,000,0000 in premiums before reselling six of the policies on the secondary market at a total price of approximately $6,000,000.

    The forfeiture in this case is brought pursuant to 18 U.S.C. § 981(a)(1)(C). As the Second Circuit stated in <u>United States v. Uddin</u>, 551 F. 3d 176, 181 (2d Cir. 2009), in holding that the proper measure of forfeitable proceeds in a case such as this, are the gross receipts of the unlawful activity, not the net receipts or the profits:

2

>Under 18 U.S.C. § 981(a)(1)(C), "any property, real or personal, which constitutes or is derived from proceeds traceable" [to mail fraud] "is subject to forfeiture to the United States. "In cases involving ... unlawful activities, ... the term 'proceeds' means property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and <u>is not limited to the the net gain or profit realized from the offense</u>." (emphasis in original).

Thus, the defendant's position, namely that he is only subject to forfeiture of his profits and not his gross receipts, is wrong as a matter of law.  In any event, even if the defendant were correct as a matter of law, it is too late to litigate this issue.  In the plea agreement, which the defendant voluntarily entered into over a year ago and pursuant to which he pleaded guilty, the defendant "acknowledge[d] that he received money that is subject to forfeiture ... [and] consent[ed] to the entry of a forfeiture money judgment in the amount of $6,000,000 in United States Currency."  Plea Agreement (Government Exhibit 1] at ¶ 5. p. GX4.  In addition, the defendant also agreed that "[p]ayment of the forfeiture money judgment ... [shall be made] on or before the date [the defendant] enters his plea of guilty" and shall be subject to the accrual of interest if not paid at the time of the guilty plea.  <u>Id</u>. at ¶¶ 5-6, pp. GX5-6.  Since the defendant did not pay any of the $6 million forfeiture judgment he owed on the day of his guilty plea, and still has not done so, his obligation to pay that amount has been accruing interest for over a year as of today.  There are no grounds to allow the defendant to back out of his plea agreement with the government now.

Accordingly, for the reasons stated above, the defendant should be ordered to pay a forfeiturre money judgment of $6,000,000 plus interest accrued from the date of his guilty plea.  The government is preparing a final order of forfeiture which will shortly be submitted to the Court.  The government requests that the judgment not be issued until the final order of forfeiture is submitted, so the final order can be made part of the judgment.

3

Thank you for your attention.

                        Respectfully submitted,

                        LORETTA E. LYNCH
                        United States Attorney

By:        /s
                        Charles Kleinberg
                        Assistant U.S. Attorneys
                        (718) 254-6012