AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

UNITED STATES OF AMERICA
v.
EDWARD VAYSMAN

## JUDGMENT IN A CRIMINAL CASE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 22 2010 ★
BROOKLYN OFFICE

Case Number: 08CR466-01(ILG)

USM Number: 75849-053

John W. Mitchell, Esq.
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s) SIX (6) OF THE INDICTMENT

☐ pleaded nolo contendere to count(s) ____ which was accepted by the court.

☐ was found guilty on count(s) ____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1341 | MAIL FRAUD | April 1, 2008 | SIX(6) |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ____

☒ Count(s) ALL OPEN ☐ is ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

OCTOBER 13, 2010
Date of Imposition of Judgment

S/ILG
Signature of Judge

I. LEO GLASSER, SENIOR DISTRICT JUDGE
Name and Title of Judge

OCTOBER 13, 2010
Date

DEFENDANT: **EDWARD VAYSMAN**
CASE NUMBER: **08CR466-01(ILG)**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**FORTY ONE (41) MONTHS**

✘ The court makes the following recommendations to the Bureau of Prisons:
**The Court recommends that the defendant be designated to FCI Otisville.**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ____________ ☐ a.m. ☐ p.m. on ____________________ .

☐ as notified by the United States Marshal.

✘ **The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:**

✘ before 2 p.m. on **November 15, 2010** .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on ____________________ to ____________________

a ____________________ , with a certified copy of this judgment.

____________________
UNITED STATES MARSHAL

By ____________________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **EDWARD VAYSMAN**
CASE NUMBER: **08CR466(ILG)**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**THREE (3) YEARS**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **EDWARD VAYSMAN**
CASE NUMBER: **08CR466-01(ILG)**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 25,000 | $ N/A |

☐ The determination of restitution is deferred until ______. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $ ______ | $ ______ | |

☐ Restitution amount ordered pursuant to plea agreement $ ______

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **EDWARD VAYSMAN**
CASE NUMBER: **08CR466-01(ILG)**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ **100.00** due immediately, balance due

☐ not later than ________________, or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ________ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

**The Defendant is required to forfeit SIX MILLION ($6,000,000.00) DOLLARS . Payable to the United States Department of Treasury.**

**ALL OTHER PAYMENTS SHOULD BE MADE TO THE CLERK OF THE COURT.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 21 2010 ★
BROOKLYN OFFICE

KAN:TYH
2005R02177

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

EDWARD VAYSMAN,

Defendant.

- - - - - - - - - - - - - - - - - X

ORDER OF FORFEITURE

Criminal No.
08 CR 466 (ILG)

WHEREAS, on July 15, 2009, the defendant, EDWARD VAYSMAN (the "Defendant") pleaded guilty to Count VI of an Indictment charging violations of 18 U.S.C. § 1341, mail fraud, to wit, knowingly and intentionally devising a scheme and artifice to defraud insurance companies and obtaining money and property from them by means of materially false and fraudulent pretenses, representations and promises; and

WHEREAS, in the forfeiture allegation of the Indictment, the Government sought forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), of any property constituting or derived from proceeds obtained directly or indirectly as a result of violation of 18 U.S.C. § 1341; and

WHEREAS, pursuant to the Defendant's plea agreement, the Defendant has consented and agreed to the entry of, and to forfeit all of his right, title and interest in, a forfeiture

money judgment in the amount of $6,000,000.00 in United States currency (the "Forfeiture Money Judgment").

WHEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461, and 21 U.S.C. § 853(p), a Forfeiture Money Judgment in the amount of $6,000,000.00 in United States currency is entered against the Defendant in favor of the United States.

2. The Defendant shall forfeit all of his right, title and interest in any and all payments made toward the Forfeiture Money Judgment as property constituting or derived from proceeds obtained directly or indirectly as a result of violation of 18 U.S.C. § 1341.

3. The Defendant shall make all payments to satisfy the Forfeiture Money Judgment by certified or bank check, payable to the "United States Marshals Service," and shall cause said checks to be sent by overnight air express delivery to Assistant United States Attorney Tanya Y. Hill, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid on or before sixty (60) days from the entry of this Order (the "Due Date"). Interest on any unpaid balance of the Money Judgment shall begin to accrue after the Due Date at the rate of interest set forth in 18 U.S.C. § 3612(f)(2).

4. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

5. Upon the entry of this Order, the United States Attorney General, or his designee, is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c).

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

7. The Clerk of the Cour shall forward four (4) certified copies of this Order to Assistant U.S. Attorney Tanya Y. Hill, U.S. Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
10/19, 2010

S/ ILG

HONORABLE I. LEO GLASSER
UNITED STATES DISTRICT JUDGE