UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

  -against-                              MEMORANDUM AND ORDER
                                              08 CR 466 (ILG)

EDWARD VAYSMAN,

                Defendant.
-----------------------------------------------x
GLASSER, United States District Judge:

       The defendant was charged with two counts of violation of the terms of Supervised Release on which a hearing was held on June 25th, 2015. At the conclusion of that hearing, the Court found the violations were proved beyond a reasonable doubt[1] and sentenced him to imprisonment for a term of four months to be followed by two years of supervised release. Pending before the Court is his letter motion seeking a reconsideration and reduction of that sentence to a term of house arrest.

## **Discussion**

       The defendant was charged in a twenty-one count indictment with (1) defrauding property owners of surplus monies due them following the sale of those properties in mortgage foreclosure proceedings; (2) defrauding four insurance companies of more than $32 million of insurance on the life of his wife's grandmother and (3) money laundering. He pleaded guilty pursuant to an agreement to one count of insurance fraud and admitted to the crimes charged in the other twenty counts of that indictment as relevant conduct for the purpose of sentencing. He was sentenced on October 31, 2010,

---

[1] The Court is aware that the standard of proof is by a preponderance of evidence, but that standard beggars the quantity and quality of the proof.

to a term of imprisonment for 41 months, to be followed by three years of supervised release, a $25,000 fine, forfeiture of $6 million and a special assessment of $100.

Supervision commenced upon his release from prison on January 24, 2014. He was subsequently charged with two counts of violation of supervised release on May 21, 2015. Count I charged that he failed to report as directed to his probation officer on 4 separate occasions. The details of each of those failures are provided in the Evidentiary Support of that charge on page 5 of Dkt. No. 73.

Count II charged that between March 12, 2015 and April 10, 2015, the defendant failed to permit the probation officer to visit his home on 4 occasions at various times of the day, even failing to respond to the probation officer's announcement of his presence by knocking on his door and ringing his doorbell. Evidentiary support for that charge is provided on pages 6 and 7 of Dkt. No. 73.

The defendant was represented at the outset of these charges by John Mitchell, Esq., a defense attorney of wide experience, who represented him in the underlying criminal case. His request of the Court that Mr. Mitchell be relieved was granted and new counsel, a member of the CJA Panel was assigned who represented him at the hearing on the violation charge held on June 26, 2015. The government's witness was Probation Officer Benjamin Goodman-Davis whose testimony was entirely credible, unchallenged and completely confirmed the evidentiary support detailed in the charged violation. The defendant testified on his own behalf and it will suffice to say "that the moral efficacy of the oath has long since ceased to be what it once was." 6 James H. Chadburn, Wigmore on Evidence § 1827 (rev. ed. 1976).

One of the objectives of sentencing judges are advised to be mindful of is 18

2

U.S.C. § 3553(a)(2)(A) promoting respect for the law. A United States Probation Office is established pursuant to the direction of Congress as an arm of the United States District Court. United States v. Stephens, 439 F.3d 1083, 1084 (9th Cir. 2006); United States v. Inserra, 34 F.3d 83, 88 (2d Cir. 1994). It follows that a United States Probation Officer is an officer of the Court. The disregard the defendant exhibited towards the United States Probation Officer by failing to report to his office as directed and his deliberate indifference to the presence of the probation officer who repeatedly sought to visit him at home and his ignoring phone calls and emails from his probation officer border on contemptuous disrespect for the law and informed the need for the sentence imposed.

In his letter motion for reconsideration the defendant advances "The relative lack of seriousness of the violation (no re-arrest, no drug use, no fleeing the jurisdiction or abandoning supervision)." That argument misapprehends that the penalty for the violation of supervised release is part of the penalty for the offense which spawned it, the life insurance mail fraud for which he was convicted and sentenced and the surplus money fraud and money laundering which he admitted to committing. See Johnson v. United States, 529 U.S. 694 (2000); United States v. Brown, 899 F.2d 189, 193 (2d Cir. 1990) (". . . though a probation violation may result in incarceration . . . this punishment is imposed not for the violation itself but for the prior criminal offense for which the probationer was convicted."); United States v. Pettus, 303 F.3d 480, 487 (2d Cir. 2002) ("The revocation of supervised release and the post-revocation sanctions were 'part of the whole matrix of punishment which arises out of a defendant's original crime.'")

The argument in support of his motion for reconsideration is essentially that the

3

sentence imposed on him "has a disproportionate impact on blameless individuals." His girlfriend primarily and their two young children of whom the defendant made the Court aware by his testimony and by his counsel in advocating on his behalf for leniency. Those collateral consequences were not unknown to him. When he was sentenced to imprisonment for 41 months in 2010, left behind were his wife and their two children who surely suffered the same consequences as he pleads this Court to consider now.

All that having been said, a hearing on his motion for reconsideration will be held at 2:00 p.m. on July 9th, 2015.

SO ORDERED.

Dated:     Brooklyn, New York
              July 2, 2015

                                               /s/
                                        I. Leo Glasser